UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTURY SURETY COMPANY,

        Plaintiff,

v.                                         Case No. 8:14-CV-616-T-23MAP

ROBERT ALAN KORKOSKE, JR., and
8556 MGMT, LLC d/b/a TREASURE
CHEST CABARET,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Before me is Defendant Robert Korkoske's motion to reopen case and tax attorney's fees (doc. 11), Plaintiff's opposition (doc. 12), and Defendant's reply (doc. 20).[1] Defendant asks the Court to reopen this case and permit him to file a motion for $83,125 in attorney's fees. Plaintiff filed this declaratory judgment action in mid-March 2014, and voluntarily dismissed it a month later, before serving Defendant. A judgment has not been rendered in Defendant's favor in either this case or in a related state action. Consequently, I recommend that the motion be denied.

*I.  Background*

      On April 14, 2013, Korkoske visited Treasure Chest (the registered fictitious name for Defendant 8556 MGMT, LLC), a strip club. Korkoske was under 21. As Korkoske was leaving the club in the early morning hours, he was struck by a truck in the club's parking lot and severely injured. He filed suit against Treasure Chest in state court, after first asking – to no avail – for the

---

      [1] The District Judge referred this matter to me for a report and recommendation (doc. 21).

business to comply with Florida Statute § 627.4137.[2] Throughout the state court proceeding, which is still ongoing, Treasure Chest apparently has delayed producing statutorily-required insurance information and discovery responses. On March 12, 2014, just days before mediation in the state case, Plaintiff Century Surety Company (Treasure Chest's insurer, which is defending the club in the state case) filed this declaratory action. Although he was not served in the federal case, Korkoske obtained a copy of the federal complaint from Century's counsel. Century also provided him with a reservation of rights and a policy exclusion that to that point had not been produced. Korkoske's counsel researched these new issues extensively, and it is this work that forms the basis of Korkoske's fee request.

On April 17, 2014, a little over a month after filing this case but before Korkoske was served, Plaintiff filed a notice of voluntary dismissal (doc. 6). Korkoske's counsel had filed a notice of appearance the day before (doc. 5). The Court dismissed the case without prejudice pursuant to Rule 41(a)(1) (doc. 7).

II.   *Discussion*

Century filed this case seeking a declaration that upon exhaustion of the policy's $25,000 assault and battery limit, it would have no further obligation to defend or indemnify Treasure Chest in the state court action (doc. 1).[3] But Century agreed to voluntarily dismiss this case following its decision to waive the assault and battery limit and provide an unconditional defense to Treasure Chest (doc. 12 at 2). Korkoske asserts that the Court's dismissal was the equivalent of a confession

---

[2] This statute requires an insured to disclose to the claimant the name and coverage of each known insurer. Fla. Stat. § 627.4137(1).

[3] The driver of the truck that hit Korkoske was charged with aggravated battery with a deadly weapon (*see* doc. 1).

of judgment in his favor, and he is entitled to his reasonable attorney's fees under Florida Statute §§ 627.428(1) and/or 626.9373.[4]

According to Korkoske, Century's policy with Treasure Chest (produced to Korkoske only once Century filed this case) contained a no fault medical expense provision of $5,000; thus, his claim for injuries triggered Century's duty to pay the limits of the policy regardless of fault. Specifically, Korkoske claims he is an omnibus insured under Florida law, relying on the Southern District of Florida's unpublished decision in *Colony Insurance v. Robles*, No. 08-6185-Civ, 2010 WL 527747 (S.D. Fla. Feb. 10, 2010).[5] *Colony* collects Florida cases and concludes that "one who is entitled to benefits under a medical-payments provision without regard to liability in an insurance policy is an omnibus insured who may be entitled to attorney's fees under Section 627.428(1)." *Id*. at * 4.

But the parties have not settled the state case, and Century has not made any insurance payments to either Treasure Chest or Korkoske.[6] The dismissal of a declaratory action *following settlement of the underlying claim* has been held to be sufficient grounds for an award of attorney's fees. *Mercury Ins. Co. of Fla. v. Cooper*, 919 So. 2d 491, 493 (Fla. 3rd DCA 2005). With this in

---

[4] These statutes entitle the named or omnibus insured or named beneficiary of a policy to reasonable attorney's fees "[u]pon the rendition of a judgment or decree by any of the courts of this state" in his favor. Section 626.9373 applies to surplus lines insurers and Section 627.428 applies more broadly to "insurers."

[5] State law governs Korkoske's application for attorney's fees. *See Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010).

[6] In opposing Korkoske's motion, Century also points out (1) Korkoske has never asserted a claim for "medpay" benefits under Treasure Chest's policy, either in this case or the state case; (2) at the mediation in the state case, Century agreed not to serve Defendants with the federal declaratory action; and (3) at that point, Korkoske's counsel requested confirmation that "no work will be necessary in the declaratory action," and Century agreed (doc. 12 at 2).

mind (without deciding whether Korkoske is an omnibus insured or Century is a surplus lines insurer), I find that Korkoske is not entitled to attorney's fees in this action, and certainly not at this stage in the dispute.[7] "Simply put, an award of attorney's fees against [Century] cannot stand absent a judgment in favor of the insured." *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 1009 (11th Cir. 2001). The plain language of the statutes reinforces this: "Upon the rendition of a judgment . . . against an insurer and in favor of any named or omnibus insured . . . the trial court . . . shall adjudge or decree against the insurer and in favor of the insured [reasonable attorney's fees]." Fla. Stat. § 627.428(1); *see also* Fla. Stat. § 626.9373(1). The purpose of these statutes is to "authoriz[e] the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy." *Lumbermens Mut. Ins. Co. v. Am. Arbitration Ass'n*, 398 So.2d 469, 471 (Fla. 4th DCA 1981) (citation and quotations omitted). Although Korkoske argues that Century confessed judgment when it dismissed this case, neither court has rendered a judgment or the equivalent of one on the coverage issue. *See Ottaviano*, 717 F. Supp. 2d at 1263-64 (finding, for purposes of Fla. Stat. § 627.428, a settlement can be a functional equivalent of a confession of judgment); *see also* L.R. 4.18, M.D. Fla. (requiring attorney's fees motions to be filed no later than 14 days following "the entry of judgment"). Consequently, attorney's fees are not yet available; Korkoske's motion should be denied.

Even if Korkoske eventually receives a "rendition of a judgment or decree" in his favor, this is not the forum for his attorney's fees motion, the state court is. That is where the parties are

---

[7] Century and Korkoske argue these points at length in their briefs.

litigating their dispute.[8]  Korkoske was not served in this case per the parties' agreement reached during mediation of the state case; he did not respond to the complaint; and apparently he only filed a notice of appearance after Century informed him of its intent to voluntarily dismiss the case the next day.  In any event, although Korkoske did not submit detailed attorney's fees invoices with his motion to reopen, I doubt very strongly that $83,125 is a reasonable fee for time associated with this case, even considering that this amount accounts for a 2.5 multiplier.  *See Ottaviano*, 717 F. Supp. 2d at 1264-65 (reducing request for $104,650 in attorney's fees under Fla. Stat. 627.428 to $27,520, and rejecting counsel's request for 2.5 multiplier in a case that settled in insured's favor).  Although the case law on whether an insured can be compensated for fees incurred pre-suit is not settled, *compare Wendell v. USAA Cas. Inc. Co.*, No. 8:08-cv-536-T-23EAJ, 2009 WL 1971451, at * 3 (M.D. Fla. July 8, 2009) (attorney's fees are compensable "for pre-suit work necessitated by an insurer's unreasonable conduct"), *with Lumpuy v. Scottsdale Ins. Co.*, No. 8:11-cv-2455-T-24MAP, 2013 WL 4648500, at * 1 (M.D. Fla. Aug. 29, 2013) (collecting cases and finding that pre-suit work not compensable because conduct was not unreasonable at the time), reimbursement for fees Korkoske incurred prior to being served is not appropriate in this case for the reasons stated here.

---

[8] I take no position on whether Korkoske has a valid state court claim for fees his counsel expended in researching the issues in this case.  Korkoske vigorously contends Century filed this case for the purpose of obtaining leverage against him in state court.

III.   Conclusion

For the reasons stated here, it is recommended that:

(1)   Korkoske's motion to reopen case and tax attorney's fees (doc. 11) be DENIED.

IT IS SO REPORTED in Tampa, Florida on July 14, 2014.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal.  28 U.S.C. § 636(b)(1).